DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss on the ground that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).
A review of Defendant's exhibits shows that Defendant's Notice of Assessment was mailed to Plaintiff on March 9, 2009. The Complaint was filed on August 26, 2011. This interval is longer than the 90 days required by ORS 305.280(2), which provides:
 "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
The court is not aware of any circumstances that extend the statutory limit of 90 days. Defendant's motion to dismiss is granted.
At the case management conference held December 6, 2011, Plaintiff stated that she never received Defendant's Notice of Assessment, dated March 9, 2009. However, during the 90 day appeal period stated in the Notice of Assessment, Plaintiff wrote to Defendant, requesting a conference. (Def's Ex B at 1.) Plaintiff appears to have received some notice causing her to seek a conference with Defendant. (Id.) Plaintiff offered no explanation as to how she knew to write *Page 2 
to Defendant. Plaintiff's request for a conference was beyond the 30 days allowed by statute. In its denial letter, dated September 23, 2009, Defendant stated that Plaintiff could "appeal to the Tax Court." (Def's Ex B at 1.)
Plaintiff stated that she has been "responding to every notice" and trying to resolve the issue. Defendant's representative, Susan Zwemke (Zwemke), Conference Officer, explained that as stated in Defendant's Answer, filed November 22, 2011, Plaintiff can pay the assessed tax-to-pay and file a refund claim within two years after she pays the tax. Plaintiff stated that she did not receive Defendant's Answer. Zwemke agreed to fax a copy of her Answer to Plaintiff.
Unfortunately, Plaintiff did not file a timely appeal with the Oregon Tax Court as required by statute. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is allowed.
The Complaint is dismissed.
Dated this ___ day of December 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron December 12, 2011. The Court filed and entered this documenton December 12, 2011. *Page 1